BENJAMIN B. WAGNER
United States Attorney
SAMANTHA S. SPANGLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2792

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br>    v.                      ) <br> ) <br> VIRGINIA FERRARI,           ) <br> ) <br> Defendant.       ) <br> _____) | CASE NO.  2:08-cr-401 LKK <br><br> GOVERNMENT'S APPLICATION FOR ORDER AUTHORIZING ISSUANCE OF Fed. R. Crim. P. 17(c) SUBPOENA FOR THE PRE-HEARING PRODUCTION OF DOCUMENTS; ORDER |

## Application

Plaintiff United States of America hereby applies for an order authorizing the issuance of a subpoena _duces tecum_ pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

In evaluating an application for Rule 17(c) subpoenas seeking production of documents before trial, the applicant must show relevancy, admissibility and specificity. _United States v. Nixon_, 418 U.S. 683, 700 (1974). The applicant should demonstrate:

   1.  The documents are evidentiary and relevant;

   2.  They are not otherwise procurable reasonably in advance of trial/hearing by the exercise of due diligence;

   3.  The applicant cannot properly prepare for trial/hearing without production and inspection of the

documents before trial/hearing and the failure to accomplish inspection may tend to delay the trial/hearing unreasonably; and

4. The application is made in good faith and is not intended as a general fishing expedition.

Id. at 699-700. The following discussion will demonstrate how the requested subpoena meets those requirements.

I.   Specific Information Sought

The government seeks authorization to issue a subpoena to Fidelity National Title Insurance Company, Attn: Dolly A. Auvil, 17911 Von Karman Avenue, Suite 300, Irvine, California, 92614, for the following document:

> Any and all documents in your possession relative to the purchase and sale of real property located at 215 Edgewater, Rio Vista, California, escrow number #07-248675-BS, Title #07-739914-KB, Locate #CAFNT0948-0907-0001-0000739914, including but not limited to the following:
>
> 1. Purchase and sales agreements, receipts issued for down payment, deposits, or other exchange of funds, copies of any checks, duplicate deposit slips reflecting your deposit of these funds, all correspondence, papers, or other files relating to the purchase or sale;
>
> 2. Mortgage records relative to the purchase and sale of the property and any other mortgages and/or loans. Such records should include applications, financial statements, the mortgages, loan contracts or notes, checks issued for loans, repayment records revealing the date, amount, and method of repayment (cash or check), the annual amount of interest paid, duplicate deposit slips reflecting your deposits of any repayments, any correspondence or other records relative to these loans; and/or
>
> 3. Any and all records made in connection with this purchase and/or sale of real estate including records which indicate the location of the property, dates of the real estate closing, the name of the parties to the real estate transactions, and the closing sheet reflecting the source and distribution of the proceeds from the sale and/or purchase, including the distribution checks.

II. <u>Discussion</u>

The records are **relevant** to the sentencing issue of whether the defendant was truthful with the Probation Officer when she said that her personal (luxury) residence sold in foreclosure; the government believes that instead, the defendant sold the property not in foreclosure and netted significant profit. The records are **admissible** for this purpose, because the defendant quite clearly said one thing and the government anticipates it will show the opposite. Further, the Court may consider anything at sentencing. The subpoena is **specific** as to the type of documents sought.

The records are not available to the government by any other means. The property was sold while the defendant has been pending sentencing. Once the prosecutor read the defendant's statement in the draft pre-sentence investigation report ("PSR") and challenged its veracity, the sentencing hearing was moved to give defense counsel the opportunity to provide records proving that the truth of the defendant's statement. On about September 14, 2009, defense counsel reported that the defendant would not be providing any documents. Although the government presumes that the defendant has a copy of all of the escrow records for the sale of her primary residence, the government recognizes that she has no obligation to provide them and that it is the government's burden of proof.

Nor are the records available by way of grand jury subpoena because they are not reasonably likely to lead to any new charges. Therefore, the government has **no alternative to a Rule 17(c) subpoena for procuring the records in advance of trial**.

If these records were subpoenaed in the first instance pursuant to a subpoena <u>duces tecum</u> returnable at the sentencing hearing, and

1  the government and defense counsel could examine them for the first
2  time while the custodian of records was on the witness stand, it
3  would disrupt the orderly presentation of that witness' testimony -
4  both on direct and cross; such hurried examination might result in
5  overlooked lines of questioning; and counsel for one or both sides
6  might instead seek to recess the hearing while they examined the
7  documents.  Moreover, if the government were to obtain the records
8  in advance of the sentencing hearing and supply copies to defense
9  counsel and the probation officer, there may be no need for an
10 evidentiary sentencing hearing at which a custodian of records would
11 testify.  By using the Rule 17(c) subpoena mechanism, both
12 government and defense counsel will have the opportunity to review
13 the documents in advance of the sentencing hearing and prevent any
14 such delay or inefficient use of precious time and resources.
15 Therefore, **failure to accomplish pre-trial production and inspection**
16 **of the document may tend to delay the sentencing hearing**
17 **unreasonably.**
18     The specific nature of the subpoena request demonstrates that
19 the application **is made in good faith and is not intended as a**
20 **general fishing expedition**.
21 II.  Request for Return of Records to U.S. Attorney's Office
22     Rule 17(c) provides that documents produced pre-trial in
23 response to a subpoena issued pursuant to that rule are to be
24 returned to the Court, and that upon their arrival the Court may
25 permit the parties and their attorneys to inspect the documents or
26 portions thereof.  However, the government believes it would be more
27 efficient for the parties and less onerous for the Court if the
28 subpoena indicates that the documents are returnable to the United

4

States Attorney's Office, so that the documents may be supplied as soon as possible to defense counsel and the probation officer, as indicated above. Therefore, the government requests the authority to make the subpoenaed records returnable to the government. The attached proposed order includes that provision.

III.  <u>Defendant Does Not Object To This Application</u>

The government supplied defense counsel with a draft of this application and proposed order by electronic mail on November 17, 2009. Defense counsel has indicated there is no opposition to this application for a Rule 17(c) subpoena or the return of the record to the United States Attorney's Office. Defense counsel agrees that procuring and inspecting the records in advance of the sentencing hearing would be more efficient for all parties and the Court.

<u>Conclusion</u>

For all of the foregoing reasons, the government requests that the Court authorize the government to issue the above Rule 17(c) subpoena for the pre-trial production of documents.

DATED:  November 17, 2006                    BENJAMIN B. WAGNER
                                             United States Attorney


                                    by    <u>/s/ Samantha S. Spangler</u>
                                          Samantha S. Spangler
                                          Assistant U.S. Attorney

<u>Order</u>

Good cause appearing therefore, IT IS HEREBY ORDERED:

1. The government may issue a Rule 17(c) subpoena to:

Fidelity National Title Insurance Company
Attn:  Dolly A. Auvil
17911 Von Karman Avenue, Suite 300
Irvine, California, 92614

5

for the following documents:

> Any and all documents in your possession relative to the purchase and sale of real property located at 215 Edgewater, Rio Vista, California, escrow number #07-248675-BS, Title #07-739914-KB, Locate #CAFNT0948-0907-0001-0000739914, including but not limited to the following:
>
> 1. Purchase and sales agreements, receipts issued for down payment, deposits, or other exchange of funds, copies of any checks, duplicate deposit slips reflecting your deposit of these funds, all correspondence, papers, or other files relating to the purchase or sale;
>
> 2. Mortgage records relative to the purchase and sale of the property and any other mortgages and/or loans. Such records should include applications, financial statements, the mortgages, loan contracts or notes, checks issued for loans, repayment records revealing the date, amount, and method of repayment (cash or check), the annual amount of interest paid, duplicate deposit slips reflecting your deposits of any repayments, any correspondence or other records relative to these loans; and/or
>
> 3. Any and all records made in connection with this purchase and/or sale of real estate including records which indicate the location of the property, dates of the real estate closing, the name of the parties to the real estate transactions, and the closing sheet reflecting the source and distribution of the proceeds from the sale and/or purchase, including the distribution checks.

2. The government may draft the subpoena so that the records are returnable to the United States Attorney's Office for the Eastern District of California.

3. The government shall provide copies of the documents to defense counsel and the probation officer immediately after receiving them.

IT IS SO ORDERED.

DATED: November 18, 2009

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT