

**LODGED**

JUL **19** 2011  *LKK*

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**FILED**

JUL **28** 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

VIRGINIA BUSEY FERRARI,
Defendant
1022 Linda Vista Way
Rio Vista, CA 94571
Telephone: (707) 803-0083

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:08-cr-401 LKK |
| | ) | |
| Plaintiff | ) | **RETURN OF PASSPORT** |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA BUSEY FERRARI, | ) | **COURT: Hon. Lawrence K. Karlton** |
| | ) | |
| Defendant. | ) | |

**I.**
**INTRODUCTION**

**A.**  On October 8, 2008 Defendant VIRGINIA BUSEY FERRARI surrendered her passport (passport number 437758219) to the court clerk. A true and correct copy of the receipt is attached.

**B.**  Defendant VIRGINIA BUSEY FERRARI entered in to a PLEA AGREEMENT on the 25th of November 2008. A true and correct copy of the plea agreement is attached.

1

**C.**     Defendant, VIRGINIA BUSEY FERRARI was sentenced on March 3, 2010. A true and correct copy of the JUDGMENT IN A CRIMINAL CASE is attached.

**D.**     Defendant, VIRGINIA BUSEY FERRARI has completed her 6 months incarceration and 6 months of 180 days of home detention as required by the judgment.

**E.**     Defendant VIRGINIA BUSEY FERRARI makes this request to the Court for return of her passport (passport number 437758219).

## 2.
## APPROVALS AND SIGNATURES

DATED: _07-19-2011_

VIRGINIA BUSEY FERRARI
Defendant

DATED: _7/28/11_

Signature of Judicial Officer

**LAWRENCE K. KARLTON,**
United States District Judge

2

**ATTACHMENTS**

1. Copy of Docket Information and Related Docket Entries: RECEIPT FOR PASSPORT Filed 09/03/2008, filed 10/08/2008.

2. Copy of PLEA AGREEMENT Filed Nov. 25, 2008

3. Copy of JUDGMENT IN A CRIMINAL CASE, date of Imposition of Judgment 03/02/2010.

## 2:08-cr-00401-LKK USA v. Ferrari et al
**Date filed:** 09/03/2008
**Date terminated:** 03/02/2010
**Date of last filing:** 03/08/2010

## Docket Information and Related Docket Entries
## Case 2:08-cr-00401-LKK Document 11

**Filed:**           10/08/2008
**Entered:**         10/08/2008
**Entered By:**      L Reader,
**Event Name(s):**  Receipt for Passport
**Full Docket Text for Document 11:**
RECEIPT for Surrender of PASSPORT as to Virginia Ferrari. Passport Number 437758219 issued by USA. [TEXT ONLY] (Reader, L)

No Related Docket Entries

1  McGREGOR W. SCOTT
   United States Attorney
2  SAMANTHA S. SPANGLER
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2792

**FILED**

NOV 25 2008



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY CLERK

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,        )    Case No. 2:08-cr-401 LKK
                                     )
11              Plaintiff,           )    PLEA AGREEMENT
                                     )
12       v.                          )
                                     )
13  VIRGINIA BUSEY FERRARI,          )
                                     )
14              Defendant.           )    COURT: Hon. Lawrence K. Karlton
                                     )
15  _____ )

16                              I.

17                         **INTRODUCTION**

18       **A.   Scope of Agreement:**   The indictment in this case charges

19  the defendant with three counts of subscribing to a false tax

20  document, in violation of 26 U.S.C. § 7206(1).  This document

21  contains the complete Plea Agreement between the United States

22  Attorney's Office for the Eastern District of California (the

23  "government") and the defendant regarding this case.  This Plea

24  Agreement is limited to the United States Attorney's Office for the

25  Eastern District of California and cannot bind any other federal,

26  state, or local prosecuting, administrative, or regulatory

27  authorities.

28  ///

1

1    **B.  Court Not a Party:**  The Court is not a party to this Plea
2  Agreement.  Sentencing is a matter solely within the discretion of
3  the Court, the Court is under no obligation to accept any
4  recommendations made by the government, and the Court may in its
5  discretion impose any sentence it deems appropriate up to and
6  including the statutory maximum stated in this Plea Agreement.  If
7  the Court should impose any sentence up to the maximum established
8  by the statute, the defendant cannot, for that reason alone,
9  withdraw her guilty plea, and she will remain bound to fulfill all
10  of the obligations under this Plea Agreement.  The defendant
11  understands that neither the prosecutor, defense counsel, nor the
12  Court can make a binding prediction or promise regarding the
13  sentence she will receive.

14                                **II.**

15                      **DEFENDANT'S OBLIGATIONS**

16    **A.  Guilty Pleas:**  The defendant will plead guilty to Count
17  Three of the indictment, charging her with subscribig to a false tax
18  document, in violation of 26 U.S.C. § 7206(1).  The defendant agrees
19  that she is in fact guilty of this charge and that the facts set
20  forth in the Factual Basis attached hereto as Exhibit A are
21  accurate.

22    **B.  Restitution:**  The Mandatory Victim Restitution Act requires
23  the Court to order restitution to the victims of certain offenses.
24  In addition to that restitution, the defendant agrees to pay full
25  restitution to the following victims in the amounts below.

26  Victim                                        Amount
    Internal Revenue Service                      $913,574.91
27  MS:  51985, Attn:  Don Anderson
    P.O. Box 12997
28  Fresno, CA  93779

                                  2

1  Payment should be by cashier's or certified check made payable to
2  the Clerk of the Court.  Although the initial debt owed by the
3  defendant to the IRS consisted of $913,574.91 (the Trust Fund
4  Recovery Penalty) plus $44,140 plus interest and penalties (the
5  assessment for 1993-1994), the defendant has paid the 1993-1994
6  assessment, including interest and penalties.  The parties agree
7  that the balance of the restitution currently owed may be paid in
8  monthly installments in amounts as determined and in a manner as
9  directed by the Probation Officer after considering the defendant's
10  financial situation.  The defendant further agrees that she will not
11  seek to discharge any restitution obligation or any part of such
12  obligation in any bankruptcy proceeding.

13      The restitution paid to the Internal Revenue Service ("IRS")
14  shall be credited by the IRS against any amount which the defendant
15  owes IRS, in accordance with standard IRS procedure.  The defendant
16  understands that this agreement does not relieve her from any legal
17  obligation to pay additional amounts due and owing to the IRS.  The
18  defendant reserves the right to contest any such additional
19  liabilities.  The defendant understands that nothing in this
20  agreement restricts the United States or the IRS from initiating any
21  collection or civil enforcement action relating thereto, nor does
22  this agreement bar the defendant from civilly contesting any
23  liabilities determined by the IRS or bar the defendant from
24  exercising her rights in collection proceedings as provided by the
25  Internal Revenue Code and standard IRS procedure.  The defendant
26  understands that the facts stipulated to in this plea agreement bind
27  only the United States Attorney's Office for the Eastern District of
28  California in this criminal case, and are not intended to bind any

3

1 | agency of the United States in any other judicial, administrative,
2 | or other proceeding.

3 |       C.  **Fine:**  No agreement.

4 |       D.  **Special Assessment:**  The defendant agrees to pay a special
5 | assessment of $100.00 at the time of sentencing by delivering a
6 | check or money order payable to the United States District Court to
7 | the United States Probation Office immediately before the sentencing
8 | hearing.  The defendant understands that this Plea Agreement is
9 | voidable by the government if she fails to pay the assessment prior
10 | to that hearing.

11 |                              III.

12 |                   **THE GOVERNMENT'S OBLIGATIONS**

13 |       A.  **Dismissals:**  The government agrees to move, at the time of
14 | sentencing, to dismiss without prejudice the remaining counts in the
15 | pending Indictment.  The government also agrees to move, at the
16 | conclusion of defendant Virginia Ferrari's entry of guilty plea, to
17 | dismiss without prejudice all charges against defendant Guy Ferrari,
18 | who is seriously ill; the government agrees to ask the Court to
19 | withhold ruling on that motion until the completion of defendant
20 | Virginia Ferrari's sentencing.  The government also agrees not to
21 | reinstate any dismissed count except as provided in Part VII.B of
22 | this Plea Agreement.

23 |       B.  **Recommendations:**

24 |           1.  **Incarceration Range:**  The government will recommend
25 | that the defendant be sentenced to the low end of the applicable
26 | guideline range for her offense as determined by the United States
27 | Probation Office.

28 | ///

                                  4

1            **2. Acceptance of Responsibility:** If the United States
2 Probation Office determines that a three-level reduction in
3 defendant's offense level for her full and clear demonstration of
4 acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,
5 the government will not oppose such a reduction and will so move
6 under §3E1.1(b), so long as the defendant pleads guilty, meets with
7 and assists the probation officer in the preparation of the pre-
8 sentence report, is truthful and candid with the probation officer,
9 and does not otherwise engage in conduct that constitutes
10 obstruction of justice within the meaning of U.S.S.G § 3C1.1, either
11 in the preparation of the pre-sentence report or during the
12 sentencing proceeding.

13                                     **IV.**

14                   **ELEMENTS OF THE OFFENSE**

15     **A. Elements of the Offense:** At a trial, the government would
16 have to prove beyond a reasonable doubt the following elements of
17 the offense to which the defendant is pleading guilty, subscribing
18 to a false tax document, in violation of 26 U.S.C. § 7206(1):

19     First, the defendant made and signed a tax document that she
20 knew contained false information as to a material matter;

21     Second, the tax document contained a written declaration that
22 it was being signed subject to the penalties of perjury; and

23     Third, in filing the false tax document, the defendant acted
24 willfully.

25                                       **V.**

26                   **MAXIMUM SENTENCE**

27     **A. Maximum Penalty:** The maximum sentence that the Court can
28 impose is **three years of incarceration, a fine of \$250,000, a one-**

5

1 **year period of supervised release,** and **a special assessment of**
2 **$100.00.** By signing this Plea Agreement, the defendant also agrees
3 that the Court can order the payment of restitution for the full
4 loss caused by the defendant's wrongful conduct. The defendant
5 agrees that the restitution order is not restricted to the amounts
6 alleged in the specific counts to which the defendant is pleading
7 guilty. The defendant further agrees that she will not attempt to
8 discharge in any present or future bankruptcy proceeding any
9 restitution imposed by the Court.

10 **B. Violations of Supervised Release:** The defendant understands
11 that if she violates a condition of supervised release at any time
12 during the term of supervised release, the Court may revoke the term
13 of supervised release and require the defendant to serve up to one
14 additional year of imprisonment.

15                                 **VI.**

16                      **SENTENCING DETERMINATION**

17      **A. Statutory Authority:** The defendant understands that the
18 Court must consult the Federal Sentencing Guidelines (as promulgated
19 by the Sentencing Commission pursuant to the Sentencing Reform Act
20 of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
21 modified by United States v. Booker and United States v. Fanfan,
22 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into
23 account when determining a final sentence. The defendant
24 understands that the Court will determine a non-binding and advisory
25 guideline sentencing range for this case pursuant to the Sentencing
26 Guidelines. The defendant further understands that the Court will
27 consider whether there is a basis for departure from the guideline
28 sentencing range (either above or below the guideline sentencing

                                   6

1  range) because there exists an aggravating or mitigating
2  circumstance of a kind, or to a degree, not adequately taken into
3  consideration by the Sentencing Commission in formulating the
4  Guidelines.  The defendant further understands that the Court, after
5  consultation and consideration of the Sentencing Guidelines, must
6  impose a sentence that is reasonable in light of the factors set
7  forth in 18 U.S.C. § 3553(a).

8      **B.  Stipulations Affecting Guidelines Calculation:**  The
9  government and the defendant agree that there is no material dispute
10 as to the following sentencing guidelines variables and therefore
11 stipulate to the following:

12          1.  **Base Offense Level:**  20 [U.S.S.G. § 2T4.1 - between
13      $400,000 and $1,000,000 tax loss - based on August 2005 Offer
14      in Compromise and Collection Information Statement listing
15      debts of $78,411.46 (tax liability of $44,140 for 1993 and 1994
16      plus penalties and interest), and $913,574.91 (proposed Trust
17      Fund Recovery Penalty tentatively assessed in December 2004) =
18      $991,986.37]

19          2.  **Victim-related Adjustments:**  not applicable.
20          3.  **Role in the Offense Adjustment:**  not applicable
21          4.  **Obstruction Adjustment:**  not applicable
22          5.  **Acceptance of Responsibility:**  Probably a 3-level
23      reduction (See paragraph III(B)(2) above)
24          6.  **Adjusted Offense Level:**  Probably 17
25          7.  **Departures:**  The defendant reserves the right to move
26      for a downward departure of her sentence pursuant to U.S.S.G.
27      5H1.6 and 5K2.0(a)(4) - family responsibilities present to an
28      exceptional degree.

7

1 | **VII.**

2 | **WAIVERS**

3      **A. Waiver of Constitutional Rights:** The defendant understands
4 that by pleading guilty she is waiving the following constitutional
5 rights: (a) to plead not guilty and to persist in that plea if
6 already made; (b) to be tried by a jury; (c) to be assisted at trial
7 by an attorney, who would be appointed if necessary; (d) to subpoena
8 witnesses to testify on her behalf; (e) to confront and cross-
9 examine witnesses against her; and (f) not to be compelled to
10 incriminate herself.

11      **B. Waiver of Appeal and Collateral Attack:** The defendant
12 understands that the law gives her a right to appeal her conviction
13 and sentence. She agrees as part of her plea, however, to give up
14 the right to appeal the conviction and the right to appeal any
15 aspect of the sentence imposed in this case so long as her sentence
16 is no longer than the top of the Sentencing Guidelines range
17 determined by the Court consistent with the stipulations set forth
18 above about the Sentencing Guidelines variables (that is, an
19 adjusted offense level of 17 or below). She specifically gives up
20 her right to appeal any order of restitution the Court may impose.

21      Regardless of the sentence she receives, the defendant also
22 gives up any right she may have to bring a post-appeal attack on her
23 conviction or her sentence. She specifically agrees not to file a
24 motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or
25 sentence.

26      Notwithstanding the agreement in part III.A above that the
27 government will move to dismiss counts against the defendant and all
28 charges against Guy Ferrari, if the defendant ever attempts to

1  vacate her plea, dismiss the underlying charges, or reduce or set
2  aside her sentence on any of the counts to which she is pleading
3  guilty, the government shall have the right (1) to prosecute the
4  defendant on any of the counts to which she pleaded guilty; (2) to
5  reinstate any counts that may be dismissed pursuant to this Plea
6  Agreement; and (3) to file any new charges that would otherwise be
7  barred by this Plea Agreement.  The decision to pursue any or all of
8  these options is solely in the discretion of the United States
9  Attorney's Office.  By signing this Plea Agreement, the defendant
10 agrees to waive any objections, motions, and defenses she might have
11 to the government's decision.  In particular, she agrees not to
12 raise any objections based on the passage of time with respect to
13 such counts including, but not limited to, any statutes of
14 limitation or any objections based on the Speedy Trial Act or the
15 Speedy Trial Clause of the Sixth Amendment.

16      C.  **Waiver of Attorneys' Fees and Costs:**  The defendant agrees
17 to waive all rights under the "Hyde Amendment," Section 617, P.L.
18 105-119 (Nov. 26, 1997), to recover attorneys' fees or other
19 litigation expenses in connection with the investigation and
20 prosecution of all charges in the above-captioned matter and of any
21 related allegations (including without limitation any charges to be
22 dismissed pursuant to this Plea Agreement and any charges previously
23 dismissed).

24      D.  **Waiver of DNA Testing**

25      The defendant understands that the government does not intend
26 to conduct DNA testing of any of the evidence in this case.  The
27 defendant understands that, before entering a guilty plea pursuant
28 to this Plea Agreement, she could request DNA testing of evidence in

9

this case. The defendant further understands that, with respect to the offense to which she is pleading guilty pursuant to this Plea Agreement, she would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding her right to request DNA testing, the defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. The defendant understands and acknowledges that by giving up this right, she is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. The defendant further understands and acknowledges that by giving up this right, she will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which she is pleading guilty.

**VIII.**

**ENTIRE PLEA AGREEMENT**

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

1                          IX.

2                 **APPROVALS AND SIGNATURES**

3     **A.  Defense Counsel:**  I have read this Plea Agreement and have

4  discussed it fully with my client.  The Plea Agreement accurately

5  and completely sets forth the entirety of the agreement.  I concur

6  in my client's decision to plead guilty as set forth in this Plea

7  Agreement.

8  DATED:    11/25/08

9                                    Marcus S. Topel
                                     and/or Lyn Agre
                                     Attorneys for Defendant
10

11    **B.  Defendant:**  I have read this Plea Agreement and carefully

12  reviewed every part of it with my attorney.  I understand it, and I

13  voluntarily agree to it.  Further, I have consulted with my attorney

14  and fully understand my rights with respect to the provisions of the

15  Sentencing Guidelines that may apply to my case.  No other promises

16  or inducements have been made to me, other than those contained in

17  this Plea Agreement.  In addition, no one has threatened or forced

18  me in any way to enter into this Plea Agreement.  Finally, I am

19  satisfied with the representation of my attorney in this case.

20

21  DATED:    11/25/08
                                     VIRGINIA BUSBY FERRARI
22                                   Defendant

23    **C.  Attorney for United States:**  I accept and agree to this

24  Plea Agreement on behalf of the government.

25  DATED:    11/25/08             McGREGOR W. SCOTT
                                   United States Attorney
26

27                         By: 
                               SAMANTHA S. SPANGLER
28                             Assistant U.S. Attorney

                           11

1  |  **EXHIBIT "A"**

2  |  **Factual Basis for Plea**

3     In 1993 and 1994, the defendant and her husband incurred
individual income tax liability of $44,140.00, an assessment which
4 they contested, but the IRS prevailed.

5     On December 1, 2004, the IRS notified the defendant of the
intent to assess a Trust Fund Recovery Penalty of at least
6 $913,574.91 for the failure of the defendant's and her husband's
business to collect from employees' wages and pay over to the IRS
7 employment taxes and/or to collect from patrons and pay over to the
IRS excise taxes.

8

9     Between August 1, 2005, and August 3, 2005, the defendant and
her husband offered to compromise the 1993 and 1994 tax assessment,
10 plus interest and penalties, as well as the Trust Fund Recovery
Penalty for $19,000.00.  On their asset statement submitted with
11 their offer in compromise, the defendant and her husband omitted and
concealed (in a Revocable Trust), four items of real property and
12 also omitted a bank account.  The defendant signed the asset
statement, an IRS Form 433-A "Collection Information Statement for
13 Wage Earners and Self Employed Individuals", under penalty of
perjury.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# United States District Court

## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**VIRGINIA FERRARI** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: <u>**2:08CR00401-01**</u><br><br>Marcus Topel, Retained<br><u>Defendant's Attorney</u> |

### THE DEFENDANT:

[✔]   pleaded guilty to count: <u>3 of the Indictment</u> .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 26 U.S.C. 7206(1) | Subscribing to a False Tax Document | 03/2005 | 3 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Counts <u>1 and 2 of the Indictment</u> are dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[ ]   Appeal rights given.             [ ]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>03/02/2010</u>
Date of Imposition of Judgment

<u>Lawrence K. Karlton</u>
Signature of Judicial Officer

<u>**LAWRENCE K. KARLTON**, United States District Judge</u>
Name & Title of Judicial Officer

<u>3/8/2010</u>
Date

AO 245B-CAED (Rev. 9/01) Sheet 2 - Imprisonment   Document 40     Filed 03/08/2010     Page 2 of 6

| CASE NUMBER: | 2:08CR00401-01 | Judgment - Page 2 of 6 |
|---|---|---|
| DEFENDANT: | VIRGINIA FERRARI | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 months .

[✓]     The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in the Dublin, California facility, but only insofar as this accords with security classification and space availability.

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[✓]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[✓] before 2:00 p.m.  on 04/05/2010 .
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: | 2:08CR00401-01 |
| DEFENDANT: | VIRGINIA FERRARI |

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 12 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[✔]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]   The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/01) Sheet 5 - Supervised Release    Document 40    Filed 03/08/2010    Page 4 of 6

**CASE NUMBER:**     2:08CR00401-01
**DEFENDANT:**       VIRGINIA FERRARI                                        Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall not dispose of or otherwise dissipate any of her assets until the fine and/or restitution order by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

2.  The defendant shall provide the probation officer with access to any requested financial information.

3.  The defendant shall not open additional lines of credit without the approval of the probation officer.

4.  The defendant shall comply with the conditions of home detention for a period of 180 days to commence when directed by the probation officer. During this time, the defendant will remain at place of residence except for employment and other activities approved in advance by the defendant's probation officer. The defendant will maintain telephone service at her place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.

    At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by the probation officer. The defendant shall pay the cost of electronic monitoring as determined by the probation officer.

5.  The defendant shall cooperate with the IRS in the determination and payment of any taxes which may be owed.

AO 245B-CAED (Rev. 3/06) Sheet 5 - Criminal Monetary Penalties   Case 2:08-cr-00401-LKK   Document 40   Filed 03/08/2010   Page 5 of 6

CASE NUMBER:       2:08CR00401-01                                                      Judgment - Page 5 of 6
DEFENDANT:         VIRGINIA FERRARI

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|              | Assessment | Fine        | Restitution  |
|--------------|------------|-------------|--------------|
| Totals:      | $ 100.00   | $ 25,000.00 | $ 913,574.91 |

[ ]   The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee                                                                                                                      | Total Loss*   | Restitution Ordered | Priority or Percentage |
|------------------------------------------------------------------------------------------------------------------------------------|---------------|---------------------|------------------------|
| Internal Revenue Service - RACS<br>MS: 6261, Attn: Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 64158<br>Re: Ferrari, Virginia 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 | $913,574.91   | $913,574.91         |                        |
| TOTALS:                                                                                                                            | $ 913,574.91  | $913,574.91         |                        |

[ ]   Restitution amount ordered pursuant to plea agreement $ __

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

      [✔]   The interest requirement is waived for the        [✔] fine        [✔] restitution

      [ ]   The interest requirement for the        [ ] fine  [ ] restitution is modified as follows:

[✔]   If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔]   If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments    Case 2:08-cr-00401-LKK   Document 40   Filed 03/08/2010   Page 6 of 6

| | |
|---|---|
| **CASE NUMBER:** | 2:08CR00401-01 |
| **DEFENDANT:** | VIRGINIA FERRARI |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** [ ] Lump sum payment of $ __ due immediately, balance due

    [ ] not later than __ , or
    [ ] in accordance with    [ ] C,   [ ] D,   [ ] E, or     [ ] F below; or

**B** [✔] Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or [ ] F below); or

**C** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: